[No. 9474-2-I.   Division One.   June 15, 1981.]

RICHARD BLIDE, ET AL, *Appellants,* v. RAINIER MOUNTAINEERING, INC., *Respondent.*

*Gerald G. Day,* for appellants.

*Don M. Gulliford,* for respondent.

CORBETT, J.—Plaintiff appeals from an order dismissing his action for injuries received while engaged in a mountain climbing seminar.

The defendant, Rainier Mountaineering, Inc. (RMI), operates a guide service on Mount Rainier and provides mountain climbing instruction. RMI employed the plaintiff, a physician specializing in internal medicine, to conduct the medical portion of a mountain climbing seminar. The plaintiff, who did not have any previous mountain climbing experience, *also* enrolled in the seminar as a student. While being lowered into a crevasse during the rescue practice on Mount Rainier, the plaintiff suffered a serious leg injury.

Before coming to the seminar, plaintiff filled out an application for participation as a student which contained a release and assumption of risk. The application was contained on one page and the release on another. When plaintiff sent the form to RMI, his letter of transmittal stated: "Enclosed you will find my signed release . . ." At

his deposition, he testified that he had signed the release but in fact he had not signed it, merely having filled in his name on the application portion. The text of the release is as follows:

> I am aware that during the mountain trip, or other trim [*sic*], that I am participating in under the arrangements of Rainier Mountaineering Inc., certain dangers may occur, including but not limited to, the hazards of traveling in mountainous terrain, accidents or illness in remote places, without medical facilities, and the forces of nature.
>
> In consideration of, and as part payment for, the right to participate in such mountain trips or other activities and the services and food arranged for me by RMI I have and do hereby assume all the above mentioned risks and will hold them harmless from any and all liability, actions, causes of action, debts, claims, demands of every kind and nature whatsoever which may arise out of or in connection with my trip or participation in any activities arranged for me by RMI. The terms thereof shall serve as a release and assumption of risk for my heirs, executor and administrators and for all members of my family, including any minors accompanying me.
>
> (Parent or legal guardian must also sign for all persons under 21 years of age.) We recommend that the summit climb not be attempted by anyone under 15 years of age.
> Date:                    Signature:

The plaintiff contends (1) that such a release should be void as against public policy, (2) lack of reference to negligence in the release renders it ineffective, (3) lack of specificity renders the release ineffective and not applicable to a risk or cause of injury not mentioned in the release, and (4) there were unresolved questions of fact as to whether plaintiff understood the release and agreed to its terms.

■■ We find the case of *Hewitt v. Miller,* 11 Wn. App. 72, 521 P.2d 244 (1974), controlling with reference to the primary issues. "Absent some statute to the contrary, the generally accepted rule is that contracts against liability for negligence are valid *except in those cases where a public interest is involved*", (italics ours), 57 Am. Jur. 2d *Negligence* § 23, at 366 (1971) (cited with approval in *Hewitt,*

*supra* at 77), or where the negligent act falls greatly below the standard established by law for the protection of others against unreasonable risk of harm. *McCutcheon v. United Homes Corp.,* 79 Wn.2d 443, 486 P.2d 1093 (1971); *Hewitt v. Miller, supra* at 77 n.1; Restatement of Contracts § 574 (1932). Although a popular sport in Washington, mountaineering, like scuba diving, does not involve public interest and the plaintiff has at no time complained that the alleged negligence here fell greatly below the standard established by law. Therefore the exculpatory clause is valid and enforceable.

The wording of the release in *Hewitt,* as in the present case, did not specifically refer to "negligence". However, the hazard experienced was clearly within the contemplation of the release. Failure to use the word "negligence" did not render the release ineffective. *Hewitt v. Miller, supra* at 79.

The release referred to "the hazards of traveling in mountainous terrain, accidents or illness in remote places . . . and the forces of nature". Whether the plaintiff had unintentionally fallen or was lowered into the crevasse where his injury occurred, the *accident* was within the contemplation of the hold harmless which was clear, unambiguous and conspicuous.

There can be no question that plaintiff knowingly agreed to the terms of the release. He read the release and believed that he signed it. He accepted the benefits, including a $500 fee for his services, as well as the course in mountaineering. There was objective manifestation of his understanding of the agreement and intent to execute the release in the prescribed form. There was therefore no unresolved question of fact.

The summary judgment was properly granted.

Affirmed.

RINGOLD, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied November 12, 1981.

Review denied by Supreme Court January 22, 1982.