[No. 9384–1–III.   Division Three.   April 18, 1989.]

LIBERTY FURNITURE, INC., *Respondent,* v. SONITROL OF SPOKANE, INC., *Appellant.*

*Richard Hayes* and *MacGillivray & Jones,* for appellant.

*Carl J. Oreskovich* and *Hemovich, Nappi, Oreskovich & Butler,* for respondent.

MUNSON, J.—The sole issue is the level of conduct which must be proved in order to invalidate a contractual exculpatory clause for negligence. Sonitrol of Spokane, Inc., contends it requires willful or wanton misconduct; Liberty Furniture, Inc., contends gross negligence is sufficient. We agree with Liberty's contention and affirm.

In June 1979, Liberty entered into a contract with Sonitrol wherein the latter agreed to provide certain monitoring services for its premises. On August 18, 1980, a sprinkler head in Liberty's fire protection system malfunctioned, flooding the premises. Sonitrol failed to notify Liberty of the sprinkler malfunction, resulting in Liberty sustaining damage to its premises and stock.

The contract between the parties states in part:

> that if Sonitrol should be found liable for loss or damage due to a failure of its services in any respect, *even if due to Sonitrol's negligence,* its liability *shall be limited to a sum equal to ten percent of the annual service charge* for the above described premises *or* $250 *whichever is greater,* as liquidated damages, and not as a penalty, and that this liability shall be exclusive, . . .

(Italics ours.)

The trial court gave an instruction which stated that gross negligence was sufficient to invalidate the exculpatory clause. The jury returned a verdict for considerably more than the liquidated damages allowed in the contract.

■ As noted in *McCutcheon v. United Homes Corp.,* 79 Wn.2d 443, 447, 486 P.2d 1093 (1971), exculpatory clauses exempting one from liability "may be legal, when considered in the abstract. However, when applied to a specific situation, one may be exempt from liability for his own

negligence *only when the consequences thereof do not fall greatly below the standard established by law." McCutcheon* also found the exculpatory clause in that case involved a matter of public policy.[1]

Restatement of Contracts § 574 (1932) states:

A bargain for exemption from liability for the consequences of negligence not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal . . .

Comment *a* states:

By negligence is meant any conduct not recklessly disregardful of the interests of others which falls below the standard established by law for the protection of others against unreasonable risk of harm. By gross negligence is meant conduct falling greatly below that standard.

Thus, it is the use of the term "not recklessly disregardful" in the first sentence of comment *a* above, followed by the use of the term "gross negligence" in the second sentence, that causes the confusion to which Sonitrol draws attention.

In *Conradt v. Four Star Promotions, Inc.,* 45 Wn. App. 847, 852, 728 P.2d 617 (1986), we stated:

Gross negligence is negligence substantially and appreciably greater than ordinary negligence. *Spencer v. King Cy.,* 39 Wn. App. 201, 206, 692 P.2d 874 (1984) (quoting *Nist v. Tudor,* 67 Wn.2d 322, 331, 407 P.2d 798 (1965)). Willful or wanton misconduct falls between simple negligence and an intentional tort and is sufficient where an actor "'know[s], or has reason to know, of circumstances which would bring home to the realization of the ordinary reasonable [person] the highly dangerous character of his conduct.'" *Jenkins v. Snohomish Cy. PUD 1,* 105

---

[1] *See also Baker v. Seattle,* 79 Wn.2d 198, 484 P.2d 405 (1971) (a contractual exculpatory clause for the rental of a golf cart was held to be against public policy); *Conradt v. Four Star Promotions, Inc.,* 45 Wn. App. 847, 728 P.2d 617 (1986) (the release by a participant in a demolition derby was held valid); *Blide v. Rainier Mountaineering, Inc.,* 30 Wn. App. 571, 636 P.2d 492 (1981) (a release for an attendee at a mountain climbing seminar was held valid), *review denied,* 96 Wn.2d 1027 (1982); *Hewitt v. Miller,* 11 Wn. App. 72, 521 P.2d 244 (1974) (a release signed by an enrollee in an advanced scuba class was held valid).

Wn.2d 99, 106, 713 P.2d 79 (1986) (quoting *Foldi v. Jeffries,* 93 N.J. 533, 549–50, 461 A.2d 1145 (1983)).

Here, Sonitrol is not contending the finding of gross negligence is unsupportable. Rather, it contends gross negligence does not vitiate the exculpatory clause.

There are degrees of negligence based on the quantum of care required by a person in a given circumstance. In this state gross negligence lies somewhere between negligence and willful or wanton misconduct. Justice Hale, in *Nist v. Tudor,* 67 Wn.2d 322, 407 P.2d 798 (1965), acknowledged the difficulty of defining gross negligence and its varying application by courts not only in this state but in other states. However, by applying the standard of gross negligence, the jury should understand there is a quantum of care somewhere between ordinary negligence and that defined as willful or wanton misconduct noted earlier.

The judgment is affirmed.

THOMPSON, C.J., and GREEN, J., concur.

Review denied at 113 Wn.2d 1005 (1989).